Martin, J.
The plaintiff, administrator of James J. Chaney, deceased, brought this suit on a n.ote given by the defendants to *145 his intestate. They admitted their signatures, and pleaded, that the note sued upon was given for the price of a tract of land purchased by them from the intestate, who engaged to furnish them with such a title as would enable them to obtain money from the Bank at Feliciana, by the mortgage of the land. They allege that in order to effect this, it became necessary to procure a sale under an order of the Court of Probates, which was accordingly made, and the land adjudicated to them; that they, thereupon, solicited a loan from the said Bank, which was refused, on the ground that the title was defective, as it did not convey the interest of the minor children of the intestate, the land being community property between the intestate and his minor children, as heirs of his deceased wife, their mother ; and they pleaded in har this defect in the title, to wit, that the land is situated in the parish of East Feliciana, while the sale was made in that of West Feliciana. There was judgment against the defendants, and they appealed, after an unsuccessful attempt to obtain a new trial. The appellants’ counsel has contended, that a Parish Judge, as e% officio Judge of Probates and auctioneer, has no right to sell land lying in another parish; but, he has admitted that he knows of no positive legislation, nor of any adjudged case which he can adduce in support of his position; and that, in the absence of any authority of this kind, courts are directed by the Civil Code, art. 21, to decide according to equity, and that an appeal is to be made to natural law and reason, or received usages. He also admits, that no instance can be adduced of the judicial sale of land taking place in any other parish than that in which it is situated. He contends, that the law requires writs of Ji. fa. to be directed to the Sheriff of the parish in which the land sought to be sold is situated, and that inventories are to be taken by the Judge of the parish in which the property so inventoried is found. The plaintiff’s counsel has, however, urged, that sales of land by the Court of Probates in which the mortuary proceedings are carried on, are not uncommon, even in cases where the land lies in another parish ; but no special instance has been adduced.
After the most mature deliberation, we are of opinion, that the District Court did not err in concluding that the danger of eviction, of which the defendant’s counsel complains, was not such *146 as to induce the court even to require that the administrator should give security for refunding the price, much less to decree the return of the note..

Judgment affirmed.